## NOTICE: SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| JANICE BRINSON-WAGNER, | ) | No. 39388-7-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING MOTION |
| | ) | TO PUBLISH OPINION |
| KENNEWICK SCHOOL DISTRICT, AND | ) | |
| THE DEPARTMENT OF LABOR AND | ) | |
| INDUSTRIES, | ) | |
| | ) | |
| Respondents. | | |

THE COURT has considered the Department of Labor and Industries' motion to publish the court's opinion of November 16, 2023, the Appellant's response thereto and the record and file herein, and is of the opinion the motion should be granted. Therefore,

IT IS ORDERED, the motion to publish is granted. The opinion filed by the court on November 16, 2023, shall be modified on page 1 to designate it is a published opinion and on page 12 by deletion of the following language:

A majority of the panel has determined that this opinion will not be printed in the Washington Appellate Reports but it will be filed for public record pursuant to RCW 2.06.040.

PANEL: Judges Cooney, Fearing, Staab

FOR THE COURT:

GEORGE B. FEARING
Chief Judge

**FILED**
**NOVEMBER 16, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JANICE BRINSON-WAGNER, | ) | |
| | ) | No. 39388-7-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KENNEWICK SCHOOL DISTRICT, | ) | UNPUBLISHED OPINION |
| AND THE DEPARTMENT OF LABOR | ) | |
| AND INDUSTRIES, | ) | |
| | ) | |
| Respondents. | ) | |

COONEY, J. — Janice Brinson-Wagner suffered an injury to her left ankle (industrial injury) while working for the Kennewick School District (School District). She filed a worker's compensation claim with the Department of Labor and Industries (Department), which was accepted as an industrial injury. Ms. Brinson-Wagner underwent an ankle replacement surgery. A few years later, Ms. Brinson-Wagner claimed that the industrial injury necessitated a left knee replacement. After a series of appeals, it was determined that the knee injury was unrelated to her industrial injury. Nevertheless, the Board of Industrial Insurance Appeals (Board) authorized a knee replacement to aid in the recovery of her industrial injury.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 39388-7-III
*Brinson-Wagner v. Kennewick Sch. Dist., et al.*

The Department later issued an order closing Ms. Brinson-Wagner's claim. Ms. Brinson-Wagner appealed, arguing she needed an additional left knee surgery. The Board disagreed and closed her claim. On appeal to the superior court, summary judgment was granted in favor of the School District. Ms. Brinson-Wagner appeals. We affirm.

## BACKGROUND

In 2008, Ms. Brinson-Wagner was working as a para-educator for the School District when one of her students, who was working with an occupational bar, fell backwards onto her left leg and ankle. Ms. Brinson-Wagner filed a worker's compensation claim with the Department, and her left ankle injury was accepted as an industrial injury. She underwent left ankle replacement surgery in 2014, which the School District covered.

A few years later, Ms. Brinson-Wagner claimed the industrial injury caused her need for a left knee replacement. The Board disagreed and instead concluded her knee condition was the result of the natural progression of degenerative arthritis. Nonetheless, the Board directed that the left knee replacement be authorized by the Department as an aid to recovery of the industrial injury pursuant to WAC 296-20-055. On appeal, the Board's decision was affirmed by both the superior court and this court. In 2018, Ms. Brinson-Wagner received a left knee replacement.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 39388-7-III
*Brinson-Wagner v. Kennewick Sch. Dist., et al.*

In 2020 the Department issued an order closing Ms. Brinson-Wagner's claim with a permanent impairment award related to her left ankle. Ms. Brinson-Wagner appealed the closure of her claim and a hearing before an industrial appeals judge (IAJ) was held. At the hearing, Ms. Brinson-Wagner testified that her surgeon told her in 2020 that her ankle was as good as it was going to get. She also testified that the "ankle was looking well-set" and that any loss of movement was just "the way it was going to be." Clerk's Papers (CP) at 147.

Dr. Anne McCormack, who performed an independent medical examination of Ms. Brinson-Wagner on behalf of the Department, testified by perpetuation deposition. Dr. McCormack agreed with Ms. Brinson-Wagner's surgeon who had previously told Ms. Brinson-Wagner that the ankle was "as good as [it] was going to get." CP at 222. She testified that further treatment of Ms. Brinson-Wagner's knee would do nothing to change the condition of the ankle and that the ankle was stable.

Dr. Mark Reed Merrell, Ms. Brinson-Wagner's orthopedic surgeon, also testified. Dr. Merrell said he performed Ms. Brinson-Wagner's knee replacement and a subsequent surgery to remove scar tissue from her knee. Dr. Merrell testified that he thought a third surgery was necessary and proper. Dr. Merrell agreed with Dr. McCormack that the ankle was fixed and stable.

Dr. William Faloon also performed an independent medical examination of Ms. Brinson-Wagner. Dr. Faloon testified that at the time of his examination, Ms. Brinson-

3

No. 39388-7-III
*Brinson-Wagner v. Kennewick Sch. Dist., et al.*

Wagner's ankle was medically fixed and stable. Dr. Faloon also agreed with Dr.

McCormack and Ms. Brinson-Wagner's surgeon that the ankle was as good as it was

going to get. He opined that Ms. Brinson-Wagner's knee condition was not limiting her

ankle rehabilitation.

Following the hearing, the IAJ issued a proposed decision and order reversing the

Department and directing further treatment of Ms. Brinson-Wagner's knee. The School

District petitioned for review to the Board. Thereafter, the Board reversed the IAJ's

proposed decision and order and affirmed the closure of Ms. Brinson-Wagner's claim.

Ms. Brinson-Wagner appealed the Board's decision to the superior court.

On appeal to the superior court, the School District filed a motion for summary

judgment. The School District argued res judicata barred relitigating the relatedness of

Ms. Brinson-Wagner's knee condition to the industrial injury. It argued that the Board's

earlier conclusion that the knee condition was unrelated to the industrial injury and that

its decision to nevertheless allow treatment of the knee to aid in recovery of the industrial

injury was final and binding. The School District further argued that because all parties

agreed that Ms. Brinson-Wagner's ankle was fixed and stable and that additional

treatment to the knee would not aid in its recovery, there was no genuine issue of material

fact related to whether further treatment of the knee was necessary to heal the industrial

injury.

4

No. 39388-7-III
*Brinson-Wagner v. Kennewick Sch. Dist., et al.*

Ms. Brinson-Wagner responded that there was a genuine issue of material fact related to whether her industrial injury was the proximate cause of her continued knee pain and limited range of motion, thus rendering summary judgment inappropriate. Ms. Brinson-Wagner also argued that the compensable consequences doctrine entitled her to further treatment for her knee.

The superior court concluded that res judicata precluded Ms. Brinson-Wagner from relitigating the issue of whether her knee condition was proximately related to the industrial injury. It also determined that the compensable consequences doctrine was inapplicable and that there was no dispute that Ms. Brinson-Wagner "was medically fixed and stable with regard to all conditions proximately related to the industrial injury." CP at 341. Accordingly, the superior court affirmed the Board's closure of her claim.

Ms. Brinson-Wagner appeals.

ANALYSIS

Ms. Brinson-Wagner argues that the superior court erred in granting the School District's motion for summary judgment because genuine issues of material fact exist regarding whether a further surgery would increase mobility and reduce pain in her left knee. The record undisputedly reveals that Ms. Brinson-Wagner is medically fixed and stable with regard to all conditions proximately related to the industrial injury. Further, res judicata bars Ms. Brinson-Wagner from relitigating the relatedness of the knee condition. Accordingly, we affirm.

5

No. 39388-7-III
*Brinson-Wagner v. Kennewick Sch. Dist., et al.*

We review orders on summary judgment de novo. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; CR 56(c). The moving party bears the initial burden of establishing that there are no disputed issues of material fact. *Young v. Key Pharms., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). "A material fact is one upon which the outcome of the litigation depends in whole or in part." *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990).

When considering a motion for summary judgment, evidence is considered in a light most favorable to the nonmoving party. *Keck*, 184 Wn.2d at 370. If the moving party satisfies its burden, then the burden shifts to the nonmoving party to establish there is a genuine issue for the trier of fact. *Young*, 112 Wn.2d at 225-26. While questions of fact typically are left to the trial process, they may be treated as a matter of law if "reasonable minds could reach but one conclusion." *Hartley v. State*, 103 Wn.2d 768, 775, 698 P.2d 77 (1985).

A nonmoving party may not rely on speculation or having its own affidavits accepted at face value. *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986). Instead, a nonmoving party must put "forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists." *Id.*

6

No. 39388-7-III
*Brinson-Wagner v. Kennewick Sch. Dist., et al.*

RES JUDICATA

"Res judicata precludes litigation of an entire claim when a prior proceeding involving the same parties and issues culminated in a judgment on the merits." *Weaver v. City of Everett*, 194 Wn.2d 464, 480, 450 P.3d 177 (2019). Res judicata applies where a prior final judgment is identical to the challenged action in subject matter, cause of action, persons and parties, and the quality of persons for whom or against the claim is made. *Id.* If a claim is barred by res judicata, it is a basis for ordering summary judgment. *Penner v. Cent. Puget Sound Transit Auth.*, 25 Wn. App. 2d 914, 923-31, 525 P.3d 1010, *review denied*, 1 Wn.3d 1026, 534 P.3d 788 (2023).

Ms. Brinson-Wagner claims a genuine issue of material fact exists as to whether a further procedure is appropriate and necessary to increase the range of motion and decrease the pain in her left knee. Before the superior court, Ms. Brinson-Wagner's argument differed. There, she argued a genuine issue of material fact existed related to whether her continued knee pain and lack of range of motion were proximately caused by her industrial injury. Regardless of which argument Ms. Brinson-Wagner advances, the relatedness of her knee condition to the industrial injury has already culminated in a judgment on the merits.

The Board issued a final and binding order that concluded Ms. Brinson-Wagner's knee injury was unrelated to the industrial injury. The Board's determination was

7

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 39388-7-III
*Brinson-Wagner v. Kennewick Sch. Dist., et al.*

affirmed by the superior court and by the Court of Appeals.  CP at 301, 313-25; *Brinson-Wagner v. Kennewick Sch. Dist.*, No. 36980-3-III, slip op. at *5 (Wash. Ct. App. June 25, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/369803_unp.pdf.  The doctrine of res judicata precludes Ms. Brinson-Wagner from relitigating the relatedness of her knee condition to the industrial injury.

TREATMENT TO AID IN RECOVERY OF INDUSTRIAL INJURY

The Board previously ordered Ms. Brinson-Wagner's knee condition be temporarily treated pursuant to WAC 296-20-055.  Accordingly, the School District covered a total knee replacement as an aid to her recovery from the industrial injury.

WAC 296-20-055 provides:

> Conditions preexisting the injury or occupational disease are not the responsibility of the department.  When an unrelated condition is being treated concurrently with the industrial condition, the attending doctor must notify the department or self-insurer immediately and submit the following:
>
> > (1) Diagnosis and/or nature of unrelated condition.
> > (2) Treatment being rendered.
> > (3) The effect, if any, on industrial condition.
>
> *Temporary treatment of an unrelated condition may be allowed, upon prior approval by the department or self-insurer, provided these conditions directly retard recovery of the accepted condition.*  The department or self-insurer will not approve or pay for treatment for a known preexisting unrelated condition for which the claimant was receiving treatment prior to his industrial injury or occupational disease, which is not retarding recovery of his industrial condition.
>
> A thorough explanation of how the unrelated condition is affecting the industrial condition must be included with the request for authorization.
>
> *The department or self-insurer will not pay for treatment of an unrelated condition when it no longer exerts any influence upon the*

8

No. 39388-7-III
*Brinson-Wagner v. Kennewick Sch. Dist., et al.*

> *accepted industrial condition.  When treatment of an unrelated condition is*
> *being rendered, reports must* be submitted monthly outlining the effect of
> treatment on both the unrelated and the accepted industrial conditions.

(Emphasis added.)  To overcome the School District's motion for summary judgment,

Ms. Brinson-Wagner would have to present evidence that her knee condition continued to

"directly retard recovery of the accepted condition."  WAC 296-20-055.

The record is void of any evidence showing Ms. Brinson-Wagner's knee injury is

impairing the healing of her ankle.  Ms. Brinson-Wagner's own physician, Dr. Merrell,

testified that her ankle condition was fixed and stable.  Dr. McCormack agreed with Ms.

Brinson-Wagner's surgeon's assessment that the ankle was as good as it was going to get.

Likewise, Dr. Faloon testified that Ms. Brinson-Wagner's ankle condition was medically

fixed and stable.  Ms. Brinson-Wagner agreed that her "ankle was looking well-set" and

that any loss of movement or mobility was "the way it was going to be."  CP at 147-48.

The evidence in the record affirms Ms. Brinson-Wagner's ankle condition is medically

fixed and stable.  Consequently, Ms. Brinson-Wagner's knee condition is not retarding

the recovery of her industrial injury.

COMPENSABLE CONSEQUENCES

In the alternative, Ms. Brinson-Wagner argues her knee condition should be

covered under the compensable consequences doctrine.  "Washington has recognized the

9

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 39388-7-III
*Brinson-Wagner v. Kennewick Sch. Dist., et al.*

rule, referred to as the compensable consequences doctrine, which establishes that if

treatment performed for an industrial injury causes complications or aggravates the

injury, the claim covers the sequelae of treatment." *Clark County v. Maphet*, 10 Wn.

App. 2d 420, 438, 451 P.3d 713 (2019). Ms. Brinson-Wagner posits that *Maphet* does

not distinguish between treatment meant to treat the condition allowed under the claim

(industrial injury) and the treatment performed as an aid to recovery. We disagree with

her interpretation of *Maphet*.

The rule outlined in *Maphet* states that the compensable consequences doctrine

covers complications or aggravations resulting from treatment of the "industrial injury."

*Id.* Further, in *Maphet*, the compensable consequences doctrine was being applied to

allow further treatment of the industrial injury. *Id.* at 423-29, 439-43. Unlike the facts of

*Maphet*, here, Ms. Brinson-Wagner's industrial injury was not the proximate cause of her

knee condition. The Board authorized treatment of her knee condition solely to aid in the

healing of the industrial injury. Thus, the compensable consequences doctrine does not

apply.

ATTORNEY FEES

Both parties request attorney fees on appeal. Ms. Brinson-Wagner requests

attorney fees and costs pursuant to RCW 51.52.130 and RAP 18.1. We decline her

request as she is not the prevailing party, nor was the decision of the Board modified.

Additionally, Ms. Brinson-Wagner's appeal does not involve the presumption of

10

No. 39388-7-III
*Brinson-Wagner v. Kennewick Sch. Dist., et al.*

occupational disease for firefighters and fire investigators established under

RCW 51.32.185.

The School District requests an award of attorney fees under RCW 4.84.080 and

costs under RAP 14. "The general rule is that in absence of statute or recognized ground

of equity, the court has no power to award attorney's fees as part of the costs of

litigation." *Dept. of Lab. & Indus. v. Dillon*, 28 Wn. App. 853, 857, 626 P.2d 1004

(1981). The School District fails to provide any specific statutory authority that would

entitle it to attorney fees. Rather, the School District cites generally to RCW 4.84.080

and RAP 14 in arguing it is entitled to its attorney fees and costs.

RCW 4.84.080 provides: "*When allowed to either party*, costs to be called the

attorney fee, shall be as follows . . . ." (Emphasis added.) It is unclear how RCW

4.84.080 would entitle the School District to attorney fees. Similarly, RAP 14.3 simply

explains what expenses are allowed as costs. It is again unclear how RAP 14 would

entitle the School District to costs. We decline the School District's request for attorney

fees and costs.

## CONCLUSION

Res judicata bars Ms. Brinson-Wagner from relitigating the relatedness of her

knee condition to the industrial injury. The compensable consequences doctrine does not

cover treatment provided to aid in the recovery of the industrial injury. Ms. Brinson-

Wagner has failed to present any admissible evidence showing her industrial injury is not

11

No. 39388-7-III
*Brinson-Wagner v. Kennewick Sch. Dist., et al.*

medically fixed and stable.  We affirm the superior court's order granting summary

judgment in favor of the School District.  We decline to award fees to either party.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Staab, J.

12